UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

| | |
|---|---|
| DeJuan Haywood Haggins, | No. 12-cv-3147 (DWF/LIB) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Ramsey, COUNTY OF; C.O. Brommerich; C.O. Whipps; C.O. Frerichs; Sgt. Sontoya; and C.O. Renteria, | |
| Defendants. | |

---

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of 28 U.S.C. § 636(b)(1)(A), and upon the Defendants' Motion for Summary Judgment, [Docket No. 20]. For reasons outlined below, the Court recommends that Defendants' Motion for Summary Judgment, [Docket No. 20], which the Court construes as a Motion to Dismiss,[1] be **GRANTED**.

I.   BACKGROUND

DeJuan Haywood Haggins ("Plaintiff") initiated this action on or about December 20, 2012,[2] by filing his Complaint, [Docket No. 1], and his Application to Proceed *In Forma Pauperis* ("IFP"), [Docket No. 2]. In his Complaint, Plaintiff names as defendants Ramsey

---

[1] See Part II.C.2, infra.
[2] This is actually the **third** time that Plaintiff has sought to bring substantially the same claims, arising out of the same incident, against these same Defendants.

   As Plaintiff acknowledges, he previously brought these claims in Haggins v. Ramsey County, No. 12-cv-1105 (DWF/LIB) (hereinafter "Haggins II"). (See Compl. [Docket No. 1], at 2 (acknowledging previous filing of Haggins II, but erroneously listing the case number as 12-cv-0105). That case was dismissed without prejudice for Plaintiff's failure to prosecute and for failure to comply with this Court's Order, (Haggins II, Docket No. 5), requiring payment of an initial partial filing fee. (See Haggins II, Report & Recommendation [Docket No. 8]; Order Adopting Report & Recommendation [Docket No. 9]).

   Additionally, as Plaintiff acknowledged when he filed Haggins II, that case alleged the same claims he made in Haggins v. Ramsey County Sheriff, No. 11-cv-224 (DWF/LIB) (hereinafter "Haggins I"). (See Haggins II Compl. [Docket No. 1], at 2 (acknowledging previous filing of Haggins I). That case, too, was dismissed without prejudice for Plaintiff's failure to prosecute and for failure to comply with this Court's Order, (Haggins I, Docket No. 3), requiring payment of an initial partial filing fee. (See Haggins I, Report & Recommendation [Docket No. 4]; Order Adopting Report & Recommendation [Docket No. 5]).

1

County and several county Corrections Officers[3]: C.O. Brommerich, C.O. Whipps, C.O. Frerichs, Sgt. Sontoya, and C.O. Renteria,[4] (collectively, "Defendants"), and alleges that he was assaulted by corrections officers while in the Ramsey County Jail in St. Paul, Minnesota, in February 2009, in violation of his civil rights under 42 U.S.C. § 1983, and the Fourth, Eighth and Fourteenth Amendments. (Compl. [Docket No. 1]). Plaintiff filed his Amended Complaint, [Docket No. 6], which is the operative complaint in this case, on or about January 22, 2013, in order to add Minnesota state law claims for assault and battery.

On February 11, 2013, the Court granted Plaintiff's IFP application, (Order [Docket No. 8]), and the Court mailed U.S. Marshals Service forms to Plaintiff. Subsequently, the Marshals Service filed paperwork reporting that it had served Defendants Frerichs and Brommerich on March 6, 2013, by personally leaving the summons and complaint with a person identified only as "Robert Allen—Director." (Summons Returned Executed [Docket No. 10], at 2-3). However, the Marshals Service also reported that it was not able to serve Defendants Renteria, Sontoya, Whipps, and Ramsey County at the addresses provided by Plaintiff. (Summons Returned Unexecuted [Docket No. 11], at 2-5).

On March 19, 2013, Defendants filed their Answer, [Docket No. 12], in which they allege, among other affirmative defenses, that "[t]his Court lacks personal jurisdiction over each of the Defendants," and that "Plaintiff has failed to sufficiently serve process on any of the Defendants." (Id. at 2). Subsequently, this Court entered its Pretrial Scheduling Order, [Docket No. 13], which provided, in part, the following deadlines: discovery completed by July 22, 2013;

---

[3] Plaintiff does not provide the first names of any of the individual Defendants, and Defendants do not supply their first names.
[4] The docket currently identifies the last two Defendants as "Sgt. Son_i_oya" and "C.O. _K_enteria" (emphasis added). These appear to be typographical errors arising from a misreading of Plaintiff's hand-written complaint. Defendants, in their written submissions to the Court, spell these names "Son_t_oya" and "_R_enteria." (See Answer [Docket No. 12], at 1).

2

nondispositive motions filed and heard by August 21, 2013; and dispositive motions filed and served by September 20, 2013. Plaintiff made a Motion for Extension of Discovery, [Docket No. 17], on June 25, 2013, which Defendants did not oppose. Accordingly, on July 11, 2013, the Court entered is Amended Pretrial Scheduling Order, [Docket No. 19], which amended the above-referenced deadlines as follows: discovery completed by September 21, 2013; nondispositive motions filed and heard by October 21, 2013; and dispositive motions filed and served by November 20, 2013.

On August 6, 2013, Defendants made the present Motion for Summary Judgment. [Docket No. 20]. Subsequently, Plaintiff filed his Response, [Docket No. 48], on or about November 22, 2013.[5] Defendants filed their Reply, [Docket No. 49], on December 9, 2013.

## II.    DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [Docket No. 20]

Defendants argue that the Court must enter summary judgment in their favor because "none of the Defendants were properly served as required by Fed. R. Civ. P. 4 to establish personal jurisdiction over the Defendants." (Mot. Summ. J. [Docket No. 20], at 1); see also Defs.' Mem. [Docket No. 21], at 1).

### A. Facts

As previously noted, Plaintiff initiated the preset case on December 20, 2012, at which time he was housed at the U.S. Penitentiary Hazelton ("U.S.P. Hazelton") in Bruceton Mills, West Virginia. (See Compl. [Docket No. 1]).[6] The Court granted Plaintiff's IFP application on February 11, 2013, (Order [Docket No. 8]), and on that same day mailed U.S. Marshals Service forms to Plaintiff at U.S.P. Hazelton. Subsequently, on February 26, 2013,

---

[5] Plaintiff's Response was delayed in part because of difficulties in serving the Motion, which was made at or about the same time that Plaintiff was relocated to a different Federal penitentiary. (See Order [Docket No. 44], at 1-2).
[6] This is consistent with a Notice that Plaintiff filed in an unrelated case, Haggins v. Minn. Comm'r of Corr., 10-cv-1002 (DWF/LIB) (see Notice of Change of Address [Docket No. 123] (dated October 14, 2012; advising of Plaintiff's transfer to U.S.P. Hazelton)).

summons were issued as to each of the Defendants. (Summons Issued [Docket No. 9]).

On March 18, 2013, the Marshals Service filed the paperwork documenting its efforts to serve the Defendants at the addresses provided by Plaintiff. The Marshals Service reported that it was unable to serve Defendants Renteria, Sontoya, Whipps, and Ramsey County at the address provided by Plaintiff. (Summons Returned Unexecuted [Docket No. 11], at 2-5). However, the Marshal's Service reported that it did serve Defendants Frerichs and Brommerich by personally serving copies of the summons and complaint on a person identified as "Robert Allen – Director" at 3:00 p.m. on March 6, 2013. (Summons Returned Executed [Docket No. 10], at 2-3). The Court's records show that copies of these forms were mailed to Plaintiff at U.S.P. Hazelton on or about March 18, 2013, and they were not returned to the Clerk of Court as undeliverable. Additionally, the Defendants' Answer, [Docket No. 12], and this Court's Pretrial Scheduling Order, [Docket No. 13], were mailed to Plaintiff on March 19, 2013, and March 21, 2013, respectively, and neither document was returned to the Clerk of Court as undeliverable.

Plaintiff, by a letter dated March 26, 2013, advised the Court that he had been transferred to the U.S. Penitentiary McCreary ("U.S.P. McCreary") in Pine Knot, Kentucky. (Notice of Change of Address [Docket No. 14]).[7]

On June 14, 2013, Defendants responded to discovery requests by, in part, stating that the Court lacked personal jurisdiction over them because Plaintiff had failed to perfect service. (See Aff. Roche, Ex. A [Docket No. 34-1], at 3 (Defs.' Resp. to Pl.'s Request for Prod. of Docs.)). Subsequently, on or about June 25, 2013, approximately one month before the discovery deadline, Plaintiff made a Motion for Extension of Discovery, [Docket No. 17], indicating that he likely received the Pretrial Scheduling Order that was mailed to him on March 21, 2013. On

---

[7] Additionally, Plaintiff asserts that in the course of this transfer, and his subsequent transfer to the U.S. Penitentiary Beaumont in Beaumont, Texas, he was temporarily housed at the Federal Transfer Center in Oklahoma City, Oklahoma.

July 22, 2013, Defendants again responded to discovery requests by, in part, stating that the Court lacked personal jurisdiction over them because Plaintiff had failed to perfect service. (See Aff. Roche, Ex. A [Docket No. 34-1], at 10-11 (Def. Frerichs' Answers to Pl.'s Interrogs.); at 14-15 (Defs.' Resp. to Pl.'s Request for Production of Documents (Set 2)); at 26 (Def. Ramsey County's Answer to Pl.'s Interrog. and Resp. to Request for Prod. Docs.)).

On July 31, 2013, Plaintiff mailed a letter to the Court from U.S.P. McCreary in which he states that Defendants have advised him that they were not properly served. (Letter to M.J. [Docket No. 24]). Shortly thereafter, on August 6, 2013, Defendants filed the present Motion for Summary Judgment and supporting materials, [Docket Nos. 20-22], and served them upon Defendant by U.S. Mail to U.S.P. McCreary. (Certificate of Service [Docket No. 23]). This Court on August 16, 2013, set a briefing schedule for Defendants' Motion for Summary Judgment, (Order [Docket No. 26]), which was mailed to Plaintiff at U.S.P. McCreary, and which was subsequently returned to the Clerk of Court as undeliverable on September 6, 2013. (Mail Returned [Docket No. 36]).

On or about August 21, 2013, Plaintiff advised the Court of his transfer to the U.S. Penitentiary Beaumont ("U.S.P. Beaumont") in Beaumont, Texas. (Notice of Change of Address [Docket No. 30]). Subsequently, on or about September 16, 2013, Plaintiff represented that he had not received Defendants' Motion for Summary Judgment. (Decl. Haggins [Docket No. 38]). At that time, Plaintiff moved both for an extension of time to respond to the Motion for Summary Judgment, (Mot. Extension of Time [Docket No. 37]); and for a stay of the summary judgment proceedings, or, in the alternative, for an extension of time to serve the Defendants. (Mot. Stay, or to Extend Time for Service [Docket No. 41]). The Court granted the first motion and set a new briefing schedule for the Motion for Summary Judgment, including an order that

Defendants re-serve their Motion papers on Plaintiff at U.S.P. Beaumont. (Order [Docket No. 44]). However, the Court denied the second motion, stating that "[w]hether service was effective is an issue that Plaintiff may address in his written response" to the summary judgment motion. (Id. at 3-4).

Plaintiff also, at this same time, requested six (6) new Marshals Service forms. (Request [Docket No. 40]). The Court's records show that the Clerk of Court mailed these forms to Plaintiff on September 18, 2013, and received filled-out forms from him on or about October 1, 2013; however, the Clerk of Court did not send these new forms on to the Marshals Service because the Court had not ordered the Marshals to re-serve the summons and complaint, and had, in fact, denied Plaintiff's motion seeking additional time to serve the Defendants.[8]

Defendants re-served their Motion for Summary Judgment on Plaintiff, which he received at U.S.P. Beaumont sometime on or before October 7, 2013. (Return of Service [Docket No. 46], and Attachments [Docket Nos. 42-1 and 42-2]). On November 7, 2013, this Court, having not received a Response from Plaintiff, extended his time to respond until November 22, 2013. (Order [Docket No. 47]). On or about November 22, 2013, Plaintiff filed his Response, [Docket No. 48], stating in a Cover Letter, [Docket No. 48-1], that he had mailed a copy previously and that he was investigating why the Court never received it. Defendants filed their Reply, [Docket No. 49], on December 9, 2013.

**B. Standard of Review**

The Federal Rules of Civil Procedure require that "[a] summons must be served with a copy of the complaint." Fed. R. Civ. P. 4(c)(1). An individual may be served personally, Fed. R. Civ. P. 4(e)(2)(A); by leaving a copy of the summons and complaint at the person's residence

---

[8] This Court has access to the Marshals Service forms that Plaintiff returned to the Court on or about October 1, 2013, which remain on file with the Clerk of Court.

6

with a suitable person who resides there, Fed. R. Civ. P. 4(e)(2)(B); by delivering the summons and complaint to an agent legally authorized to receive them, Fed. R. Civ. P. 4(e)(2)(C); or by a method approved under state law in the state where the district court is located or where the party is served, Fed. R. Civ. P. 4(e)(1).[9]  A county government may be served either by delivering a copy of the summons and complaint to the county's chief executive officer, Fed. R. Civ. P. 4(j)(2)(A); or by a method approved under state law for serving such a defendant, Fed. R. Civ. P. 4(j)(2)(B).[10]

The Rules also provide the deadline for perfecting service of the summons and complaint:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

"If a defendant is improperly served, a federal court lacks jurisdiction over the defendant." Printed Media Servs., Inc. v. Solna Web, Inc., 11 F.3d 838, 843 (8th Cir. 1993). "The mere fact that a defendant has received actual notice of the pending action is not sufficient if there has not been compliance with the plain requirements of Rule 4." Baden v. Craig-Hallum, Inc., 115 F.R.D. 582, 586 n.4 (D. Minn. 1987) (McLaughlin, J.); see also Adams v. Allied Signal Gen. Aviation Avionics, 74 F.3d 882, 885 (8th Cir. 1996) (if a defendant "was improperly served, the district court lacked jurisdiction over that defendant whether or not it had actual

---

[9] The Minnesota Rules of Civil Procedure generally provide that an individual may be served personally, or by leaving a copy of the summons and complaint at his or her residence with a "person of suitable age and discretion" who also lives at the residence; exceptions are provided for minors under the age of 14, institutionalized persons, and persons who have consented to some other method of service.  Minn. R. Civ. P. 4.03(a).

[10] The Minnesota Rules of Civil Procedure provide that a county may be served by delivering a copy of the summons and complaint to "the chair of the county board or to the county auditor of a defendant county." Minn. R. Civ. P. 4.03(e)(1).

notice of the lawsuit" (citing Printed Media Servs, 11 F.3d at 843)).

### C. Discussion

#### 1. Plaintiff failed to perfect service on the Defendants, and, therefore, this Court lacks personal jurisdiction over them.

It is undisputed that Defendants were not properly served in this case. With regard to Defendants Renteria, Sontoya, Whipps, and Ramsey County, the only evidence in the record is that they were not served. (Summons Returned Unexecuted [Docket No. 11]). Additionally, although the Marshals Service reported that it had served Defendants Brommerich and Frerichs on March 6, 2013, (Summons Returned Executed [Docket No. 10]), neither the Federal Rules of Civil Procedure nor the Minnesota Rules of Civil Procedure provide for service by leaving the summons and complaint with another person at the defendant's workplace. See Fed. R. Civ. P. 4(e)(2); Minn. R. Civ. P. 4.03(a). Finally, Plaintiff appears to concede the issue, as he does not argue that any of the Defendants was properly served, but instead argues merely (1) that he never received notice that Defendants Renteria, Sontoya, Whipps, and Ramsey County were not served, and (2) that he, as a *pro se* party relying on the Marshals Service, should not be held responsible for any deficiencies in the service on Defendants Brommerich and Frerichs.

Because Plaintiff failed to properly serve Defendants, this Court lacks personal jurisdiction over them. Smith v. Ghana Commercial Bank, Ltd., 379 Fed. Appx. 542, 543 (8th Cir. unpub. 2010) (per curiam) (where plaintiff "failed to effect service of process, . . . the court thus lacked personal jurisdiction over the defendants"); Watts v. Fed. Home Loan Mortg. Corp., No. 12-cv-692 (SRN/JSM), 2012 U.S. Dist. LEXIS 72905, at *6-7 (court "has no personal jurisdiction over" defendants who have not yet been served with the summons and complaint (citing Smith, supra)).

However, contrary to what Defendants argue, this Court's finding that it lacks personal

jurisdiction over the Defendants means that the Court *cannot* recommend summary judgment in favor of Defendants—or, for that matter, any form of judgment in favor of any party.

    **2. Summary judgment is not an appropriate remedy where the Court lacks personal jurisdiction.**

This District has previously addressed the question of whether summary judgment is an appropriate remedy where the Court finds that it lacks personal jurisdiction over a defendant. The Hon. Patrick J. Schiltz's Memorandum Opinion and Order in Pope v. Elabo GmbH, 588 F. Supp. 2d 1008 (D. Minn. 2008), is worth quoting at length:

> Elabo purports to move for summary judgment on the basis that the Court lacks personal jurisdiction over it. The Eighth Circuit has not squarely decided whether the defense of lack of personal jurisdiction may be raised in a summary-judgment motion or whether, by its nature, it must be raised in a motion to dismiss. But this Court agrees with other courts and leading authorities that a motion raising the defense of lack of personal jurisdiction is necessarily a motion to dismiss under Rule 12(b)(2), and not a motion for summary judgment under Rule 56. See, e.g., Robinson v. W. NIS Enter. Fund, No. C97-41, 1999 WL 33656834, 1999 U.S. Dist. LEXIS 23199 (N.D. Iowa Mar. 31, 1999).
>
> As the leading treatise observes, "[i]n general, courts have ruled that summary judgment is an inappropriate vehicle for raising a question concerning . . . personal jurisdiction . . . ." 10A Charles Alan Wright et al., Federal Practice and Procedure: Civil § 2713 at 235 & n.45 (3d ed. 1998) (hereinafter Federal Practice and Procedure). This makes sense, as a court that lacks personal or subject-matter jurisdiction does not have power to enter any kind of a judgment—summary or otherwise. See id. at 239 ("If the court has no jurisdiction, it has no power to enter a judgment on the merits and must dismiss the action."). That is why a dismissal for lack of personal or subject-matter jurisdiction is always without prejudice; such a dismissal implies nothing about the merits of the dismissed claims because the court is not empowered to address the merits of the dispute. By contrast, a grant of summary judgment is a ruling on the merits, and thus has preclusive effect. See EF Operating Corp. v. Am. Bldgs., 993 F.2d 1046, 1048-49 (3d Cir. 1993) ("A grant of summary judgment and a dismissal for lack of personal jurisdiction, however, are wholly different forms of relief. The latter is a dismissal without prejudice, whereas the former is a ruling on the merits which if affirmed would have preclusive effect.") (citation omitted).
>
> . . . In short, a defendant who seeks to challenge personal jurisdiction must do so by moving to dismiss under Rule 12(b)(2), and not by moving for judgment on the pleadings under Rule 12(c) or for summary judgment under Rule 56.

Id. at 1012. Ultimately, Judge Schiltz concluded that, because the defendant had "include[d] the

defense of lack of personal jurisdiction in its answer," the defense was not waived, and he considered the defendant's motion for summary judgment as if it had been made as a motion to dismiss. Id. at 1013-14.

This Court, likewise, finds that summary judgment is not appropriate in the present case.[11] However, because Defendants' argument that this Court lacks personal jurisdiction is premised on Plaintiff's failure to serve process, the Court looks not to Rule 12(b)(2), as Judge Schiltz did, but rather, construes Defendants' Motion for Summary Judgment as a Motion to Dismiss for insufficient service of process under Fed. R. Civ. P. 12(b)(5).

> **3. Plaintiff has not shown good cause for his failure to properly serve Defendants, and, therefore, this Court must recommend that his case be dismissed.**

More than 120 days have passed since Plaintiff's Application for IFP was granted and he was issued U.S. Marshals Service forms,[12] and none of the Defendants have been properly served. In this circumstance, the Federal Rules are clear: this Court "must dismiss the action without prejudice or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). Thus, the first question is whether Plaintiff has shown good cause for an extension of time to serve Defendants. Hustad v. Mitsubishi Heavy Indus. Am., Inc., No. 03-cv-6484 (PAM/RLE), 2005 U.S. Dist. LEXIS 2067, at *4 (D. Minn. Feb. 10, 2005) (Magnuson, J.) ("the Court must determine whether [the plaintiff] has demonstrated good cause

---

[11] Defendants appear to acknowledge as much in their Reply, which continues to argue for a grant of summary judgment, but which also states that the "case should be *dismissed without prejudice* because the Court lacks personal jurisdiction." (Pl.'s Reply [Docket No. 49], at 1 (emphasis added); at 4 ("When a plaintiff is responsible for failing to properly serve Defendants, regardless of *in forma pauperis*, the Court *must dismiss the case without prejudice*" (citing Fed. R. Civ. P. 4(c)(3) and 4(m) (emphasis added).).

[12] Defendants argue that "[b]ecause this suit was commenced on December 20, 2012, Plaintiff was required to serve all Defendants . . . by April 19, 2013." (Defs. Mem. [Docket No. 21], at 6). However, although Plaintiff filed his Complaint on December 20, 2012, the Clerk of Court did not mail Plaintiff his Marshals Service Forms until February 11, 2013, the day that this Court granted his Application to Proceed IFP. (Order [Docket No. 8]). Thus, the Court counts Plaintiff's 120-day service period as beginning on February 11, 2013, and ending on June 11, 2013.

for his failure to serve within the prescribed period"). If he has, then Rule 4(m) requires that this Court grant him an extension; if he has not, then the Court may either grant Plaintiff a discretionary extension of time, or may dismiss his case without prejudice. See Adams, 74 F.3d at 887 ("under Rule 4(m), if the district court concludes there is good cause for plaintiff's failure to serve within 120 days, it *shall* extend the time for service. If plaintiff fails to show good cause, the court still *may* extend the time for service rather than dismiss the case without prejudice" (emphasis in original").).

"Rule 4(m) does not define good cause, and courts have not given conclusive meaning to the phrase." Kurka v. Iowa County, 628 F.3d 953, 957 (8th Cir. 2010) (citing, *inter alia*, Colasante v. Wells Fargo Corp., 81 Fed. Appx. 611, 613 (8th Cir. unpub 2003) (per curiam) ("There is no comprehensive definition of what constitutes good cause sufficient to warrant a mandatory extension under Rule 4(m)."). Rather,

> the standard of good cause . . . is necessarily amorphous. Whether or not it has been satisfied is largely dependent upon the facts of each individual case. It is for this very reason that such a determination is entrusted to the sound and considerable discretion of the district court in the first instance.

Kurka, 628 F.3d at 957 (quoting Colasante, 81 Fed. Appx. at 613). Nonetheless, the Eighth Circuit and this District have repeatedly held that "[a] showing of good cause requires at least 'excusable neglect'—good faith and some reasonable basis for noncompliance with the rules." Kurka, 628 F.3d at 957 (quoting Adams, 74 F.3d at 887); Favors v. Hoover, No. 13-cv-428 (JRT/LIB), 2013 U.S. Dist. LEXIS 175138, at *7 (D. Minn. Dec. 12, 2013) (Tunheim, J.) (quoting Kurka (quoting, in turn, Adams)); Hustad, 2005 U.S. Dist. LEXIS 2067, at *4 (quoting Adams). Additionally, a court should consider "whether the plaintiff has made diligent and reasonable efforts to effect service." Campbell v. Wilhite, 2007 U.S. Dist. LEXIS 80701, at *4 (E.D. Mo. Oct. 31, 2007) (citing Habib v. General Motors Corp., 15 F.3d 72, 74 (6th Cir. 1994)).

11

In the present case, Plaintiff has not demonstrated such "excusable neglect." Plaintiff argues that, with regard to Defendants Brommerich and Frerichs, he relied in good faith on the Marshals Service to serve them at the addresses he provided, and that any mistake resulted from the Marshals leaving the summons and complaint with "Robert Allen—Director." However, the Summons Returned Executed show that Plaintiff directed the Marshals Service to serve Defendants Brommerich and Frerichs at "425 Grove Street, St. Paul, MN 55101," and includes an "alternate address" of "25 W. Kellogg, St. Paul, MN 55102." (Summons Returned Unexecuted [Docket No. 11], at 5). The Court takes judicial notice[13] that the primary address is that of the Ramsey County Law Enforcement Center, and that the alternate address, while apparently a commercial property, is not the address of any Ramsey County facility. See Ramsey County Building Locations, http://www.co.ramsey.mn.us/pm/location.htm (last viewed January 21, 2014). Both the Federal Rules of Civil Procedure, and the Minnesota Rules of Civil Procedure, generally require service either personally upon an individual Defendant or at his or her place of *residence*, not his or her place of *employment*. Fed. R. Civ. P. 4(e)(2)(B) (service effected by "leaving a copy of [the summons and complaint] at the individual's dwelling or usual place of abode with someone of suitable age and discretion who abides there"); Minn. R. Civ. P. 4.03(a) (service effected by "delivering a copy [of the summons and complaint] to the individual personally or by leaving a copy at the individual's usual place of abode with some person of suitable age and discretion then residing therein").

In the present case, Plaintiff provided only an employment address, effectively depriving the Marshals Service of the option of leaving the summons and complaint with anyone other than the Defendants. "It is the Plaintiff's responsibility to provide a proper address to effectuate

---

[13] "The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

service of process . . . ." King v. Dingle, No. 08-cv-5992 (ADM/RLE), 2009 WL 2208164, at *1 (D. Minn. July 22, 2009) (Erickson, C.M.J.), adopted by 2009 WL 2208164 (D. Minn. July 22, 2009) (Montgomery, J.); Lee v. Armontrout, 991 F.2d 487, 489 (8th Cir. 1993) ("While in forma pauperis plaintiffs should not be penalized for a marshal's failure to obtain proper service, it was [the plaintiff]'s responsibility to provide proper addresses for service on [the defendants].").

Plaintiff cites Stoenescu v. Jablonsky, 162 F.R.D. 268 (S.D.N.Y. 1995) for the proposition that "[t]he failure of the Marshals Service to properly effect service of process constitutes 'good cause' within the meaning of Rule 4(m)." Id. at 270. However, Stoenescu is easily distinguished from the present case, because in Stoenescu the Plaintiff provided addresses where the defendants could be served. In fact, of the four cases the Stoenescu court relied upon in holding that dismissal pursuant to Rule 4(m) was not appropriate, three either expressly or impliedly stated that there was no "good cause" where the plaintiff's failure to provide the necessary information to the Marshals[14]:

- Puett v. Blandford, 912 F.2d 270, 274-75 (9th Cir. 1989) ("an incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshals for service of the summons and complaint, and, ***having provided the necessary information to help effectuate service***, plaintiff should not be penalized by having his or her action dismissed for failure to effect service where the U.S. Marshals or the court clerk has failed to perform the duties required of each of them" (emphasis added));

---

[14] The only case cited by Stoenescu that did not expressly provide such an exception is Romandette v. Weetabix Co., 807 F.2d 309 (2d Cir. 1986). The Romandette court did not address the issue, one way or the other, of a plaintiff's failure to provide proper information, but rather, merely held that the plaintiff in that case, "[a]s an incarcerated pro se litigant proceeding in forma pauperis, . . . was entitled to rely on service by the U.S. Marshals. He indicated to the court his reliance on service by the Marshals and he timely requested that the Marshals effect personal service" (citation omitted).).

13

- Sellers v. United States, 902 F.2d 598, 602 (7th Cir. 1990) ("when the district court instructs the Marshals to serve papers on behalf of a prisoner, the *prisoner need furnish* no more than *the information necessary* to identify the defendant" (emphasis added));

- Rochon v. Dawson, 828 F.2d 1107, 1110 (5th Cir. 1987) ("a plaintiff proceeding in forma pauperis is entitled to rely upon service by the U.S. Marshals and should not be penalized for failure of the Marshal's Service to properly effect service of process, *where such failure is through no fault of the litigant*" (emphasis added));

Plaintiff also cites Serrano v. Figueroa-Sancha, 878 F. Supp. 2d 301 (D.P.R. 2012), which is also easily distinguished from the present case. In Serrano, the plaintiffs repeatedly requested information from the defendants, officers of the Puerto Rico Police Department, about where they could be served, but defendants refused to provide such information. Id. at 314-15. Consequently, the court "intervened and ordered representatives of the PRPD to accept service of process on behalf of Defendants. Despite the Court's orders, PRPD aggravated Plaintiffs' difficulties by agreeing to cooperate and then refusing to accept service of process on Defendants' behalf." Id. at 315. Under those circumstances, the Serrano court found good cause to extend the time for the plaintiffs to perfect service, and denied the defendants' motion to dismiss. Id. In the present case, Plaintiff has not so much as alleged, much less demonstrated, this type of obstructionism by the Defendants.

With regard to Defendants Renteria, Sontoya, Whipps, and Ramsey County, Plaintiff does not argue anything that, even construed liberally,[15] could be an argument for "excusable

---

[15] "[D]ocument[s] filed *pro se* [are] 'to be liberally construed.'" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 104-05 (1976)).

14

neglect." Instead, Plaintiff argues only that, as a result of his multiple transfers, he never received the Summons Returned Unexecuted which showed that these defendants had not been served. (Pl.'s Resp. [Docket No. 48], at 7-9).

Plaintiff's complete lack of diligence in this regard makes it impossible for the Court to find his neglect "excusable." Taking Plaintiff at his word that he never received the Summons Returned Unexecuted (which showed that Defendants Renteria, Sontoya, Whipps, and Ramsey County had not been served), the Court must also assume that Plaintiff also never received the Summons Returned Executed (which appeared to show that Defendants Brommerich and Frerich had been served), which were filed by the Marshals Service and mailed to Plaintiff on the same day. Nevertheless, Plaintiff did not inquire about the status of service until July 31, 2013, approximately a month and a half after his 120-day service period ended. Although Plaintiff is *pro se*, the Court also notes that he has been the plaintiff in no less than a dozen cases in this District since 2004, and that four of those cases[16] progressed to the point that summons were issued and were returned either executed or unexecuted. Plaintiff's failure to follow up after not receiving notice that his summons were executed shows a lack of diligence.

Meanwhile, even if Plaintiff did not receive the Summons Return forms, he does not argue that the U.S. Postal Service failed to deliver to him Defendants' Answer, mailed on March 19, 2013, or their discovery responses made on June 14, 2013, and July 22, 2013—all of which expressly stated Defendants' belief that they had not been properly served. "When a plaintiff has ample notice of a defect in service and does not attempt an obvious correction, however, there is no good cause for the resulting delay if the chosen method of service fails." Dahlin v. Haugland, No. 07-cv-1854 (JMR/AJB), 2008 U.S. Dist. LEXIS 122834, at *5 (D. Minn. Aug. 7, 2008)

---

[16] Haggins v. City of Minneapolis, No. 04-cv-4564 (JNE/FLN); Haggins v. City of St. Paul, No. 09-537 (DWF/LIB); Haggins v. Sherburne County, No. 10-cv-2554 (DWF/LIB); and Haggins v. Minn. Dept. Corr. Comm'r, No. 10-4427 (DWF/LIB).

(Boylan, M.J.) (citing Adams, 74 F.3d at 887), adopted by Order [Docket No. 61], slip op. Aug. 25, 2008 (Rosenbaum, J.); see also Denham v. Aranda, 2011 U.S. Dist. LEXIS 61770, at *6 (S.D. Cal. June 9, 2011) ("a *pro se* Plaintiff proceeding *in forma pauperis* . . . at a minimum should . . . attempt to remedy any apparent defects of which he has knowledge") (internal edits, quotations, and citations omitted)).  In the present case, Plaintiff did not seek to do so until after Defendants had already brought their Motion.

Finally, as previously noted, Plaintiff did attempt to re-serve the Defendants by obtaining new Marshals Service forms and returning them to the Clerk of Court.  This Court denied Plaintiff's Motion for an extension of time to serve the Defendants, and did not order the Marshals Service to deliver those forms.  However, the Court finds that Plaintiff was not prejudiced by this Court's refusal to order this second service, as the new forms did not cure the deficiencies in the previous forms.  With regard to the individual defendants, Plaintiff again provided as a primary address the Ramsey County Law Enforcement Center, only this time he provided a secondary address of "121 7th Place East, Suite 4500," which this Court takes judicial notice is the office of the Ramsey County Attorney.  See Ramsey County Building Locations, http://www.co.ramsey.mn.us/pm/location.htm (last viewed January 21, 2014).  Plaintiff has given this Court no reason to believe that the Marshals Service could have served any of the individual Defendants at any of the addresses he provided.

With regard to Defendant Ramsey County, Plaintiff has never provided an address where this Defendant could be served.  As previously noted, the Federal Rules of Civil Procedure and the Minnesota Rules of Civil Procedure require that a county defendant be served either upon the county's chief executive, or its board chairperson, or its auditor.  Plaintiff's Fed. R. Civ. P. 4(j)(2)(A)-(B); Minn. R. Civ. P. 4.03(e)(1).  Plaintiff's initial service form, returned unexecuted,

sought to serve Defendant Ramsey County at the Ramsey County Law Enforcement Center, with an "alternate address" that is not any Ramsey County building. His subsequent attempt sought to serve Defendant Ramsey County at the County Attorney's Office. Moreover, neither form provided the name of a person to be served.

Plaintiff has failed to show good cause why this Court should extend the deadline for him to serve the Defendants in this case. Additionally, because of Plaintiff's lack of diligence in attending to the service of Defendants in this, his **third attempt to bring this lawsuit**, the Court will not exercise its discretion to extend the deadline for him to serve the Defendants. Instead, this Court recommends that Plaintiff's case be **DISMISSED without prejudice** for failure to timely serve the Defendants, as required by Fed. R. Civ. P. 4(m).

### IIII.   CONCLUSION

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED**:

1. That Defendants' Motion for Summary Judgment, [Docket No. 20], which the Court construes as a Motion to Dismiss, be **GRANTED**, as set forth above; and

2. That Plaintiff's Complaint, [Docket No. 1], be **DISMISSED without prejudice**.

Dated: January 22, 2014                                              s/Leo I. Brisbois
                                                                                         LEO I. BRISBOIS
                                                                                         United States Magistrate Judge

### N O T I C E

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties **by February 5, 2014**, a writing that

specifically identifies the portions of the Report to which objections are made and the bases for each objection. A party may respond to the objections within **fourteen (14) days** of service thereof.  Written submissions by any party shall comply with the applicable word limitations provided for in the Local Rules.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  This Report and Recommendation does not constitute an order or judgment from the District Court, and it is therefore not directly appealable to the Court of Appeals.